# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

—————————————————————
                                          :
HOWARD JOHNSON                            :
INTERNATIONAL, INC.,                      :
                                          :     Honorable Madeline Cox Arleo
                       Plaintiff,         :     Civil Action No. 11-851 (SDW)
                                          :
v.                                        :     **REPORT AND RECOMMENDATION**
                                          :
GOLDEN KEY ENTERPRISES, LLC;              :
ANDREW KHONG; and                         :
THANH DOAN,                               :
                                          :
                       Defendants.        :
—————————————————————:

## BACKGROUND

On February 16, 2011, plaintiff, Howard Johnson International, Inc. ("plaintiff"), filed the Complaint.  On April 27, 2011, defendants, Golden Key Enterprises, LLC ("Golden Key"); Andrew Khong ("Khong"); and Thanh Doan ("Doan") (sometimes collectively "defendants") filed an Answer with affirmative defenses.

On April 28, 2011, this Court entered an Order, scheduling an initial conference for June 6, 2011.  The April 28th Order directed, inter alia, the parties to exchange Fed. R. Civ. P. 26 disclosures and serve written discovery.  The April 28th Order further directed that all parties who were not appearing pro se must be presented by counsel.  Additionally, the August 28th Order emphasized that failure to comply with the terms therein may result in the imposition of sanctions.

On May 6, 2011, defense counsel requested by letter to reschedule the June 6, 2011 conference.  On May 9, 2011, this Court entered an Order adjourning the initial conference until

June 14, 2011.  The May 9th Order highlighted that the parties' Joint Discovery Plan must be submitted prior to the June 6th conference date.[1]

On June 14, 2011, counsel for both plaintiff and defendants appeared at the conference. On the same date, this Court issued a Pretrial Scheduling Order, which set forth, among other things, deadlines for discovery.  The June 14th Order required Fed. R. Civ. P. 26 disclosures to be exchanged and interrogatories served on or before July 1, 2011, to be responded to within 30 days of receipt.  The Order also scheduled a telephone status/settlement conference for September 8, 2011.  The June 14th Order emphasized that failure to comply with the Order would result in sanctions pursuant to Fed. R. Civ. P. 16(f) and 37.

On August 9, 2011, this Court received a letter from plaintiff's counsel, requesting a conference to resolve a discovery dispute, whereby defendants failed to comply with the court imposed July 1, 2011 deadline for serving Rule 26 disclosures and interrogatories, and respond to plaintiff's previously served discovery requests.  Plaintiff's counsel advised that, despite his efforts to informally resolve the dispute, defense counsel failed to engage in any discussion in an attempt to resolve same.  Plaintiff's counsel noted that defendants' failure to engage in meaningful discovery was hindering plaintiff's ability to prosecute the case.

On September 8, 2011, the parties participated in a conference call with the Court, during which defense counsel, Paul Castronovo, Esq. ("Mr. Castronovo"), indicated his intent to file a motion to withdraw as counsel.  On September 12, 2011, defense counsel filed the motion to

---

[1] On June 10, 2011, plaintiff's counsel wrote to the Court, submitting only plaintiff's version of the Joint Discovery Plan because counsel was unable to confer with defense counsel regarding same.

2

withdraw the basis of which was defendants' failure to respond to counsel's correspondence or otherwise cooperate in preparing a defense to this litigation. In his letter, Mr. Castronovo stated that all correspondence mailed to defendants had been returned as undeliverable.

On October 20, 2011, this Court entered an Order granting Mr. Castronovo's motion and directed him to provide defendants with copies of the Order.  As to the individual defendants, Khong and Doan were directed to have new counsel enter an appearance on their behalf by November 14, 2011.  If new counsel was not secured by that date, Khong and Doan would be deemed to be proceeding on a pro se basis and required to attend all court appearances.

As to corporate defendant Golden Key, the Court directed the company to have new counsel enter an appearance on its behalf by November 14, 2011, as a corporate entity cannot represent itself under applicable law.  The Order also provided that if new counsel failed to enter an appearance on behalf of Golden Key by November 14, 2011, the Court would ask the District Judge to strike its Answer (Dkt. No. 4) and to enter default against it.  The Order further directed all parties to appear for a status conference on November 15, 2011, and highlighted that failure to comply with the terms therein would result in sanctions.  The Court provided a copy of the October 20th Order to defendants by regular and certified mail/return receipt requested.[2]  On or about November 7, 2011, the first class mailed copies were returned as undeliverable only as to Khong and Golden Key.  However, on the same date, the Court received executed receipt cards

---

[2] Consistent with the addresses for defendants as set forth on the official docket, the Court mailed copies of the October 20th Order to Thanh Doan, at "Golden Key Enterprises, LLC, 3131 Government Boulevard, Mobile, AL 36606;" Andrew Khong, at "Golden Key Enterprises, LLC, 3131 Government Boulevard, Mobile, AL 36606;" and Golden Key Enterprises, at "3131 Government Boulevard, Mobile, AL 36606."

for Khong and Golden Key.  On or about November 8, 2011, the Court received an unexecuted receipt card for Doan.

On November 15, 2011, no party or counsel appeared on behalf of any defendant. On November 16, 2011, this Court issued an Order to Show Cause why monetary/reprimand sanctions should not be imposed pursuant to Fed. R. Civ. P 16(f), arising out of the failure of pro se defendants Khong and Doan to attend the Court ordered status conference on November 15, 2011, and the failure of corporate defendant Golden Key to retain counsel to enter an appearance on its behalf.  The Order to Show Cause was returnable on December 15, 2011.  Defendants were directed to file any written submissions with the Court by December 12, 2011.  Out of an abundance of caution, this Court mailed copies of the November 16th Order to defendants at the addresses as set forth on the official docket by regular and certified mail/receipt requested.  On or about December 2, 2011, the first class mailed copies were returned as undeliverable to all three defendants.  However, on or about December 3, 2011, the Court received executed receipt cards for all three defendants.

Before the December 15, 2011 hearing, defendants filed no written submissions.  No party or counsel appeared on behalf of any defendant at the December 15, 2011 Order to Show Cause hearing.

**DISCUSSION**

**A.**     ***Imposition of Sanctions Against Corporate Defendant Golden Key***

The failure of corporate defendant Golden Key to retain counsel requires this Court to recommend that the District Court strike the Answer with affirmative defenses as to this corporate defendant (Dkt. No. 4), order that default be entered against it, and permit plaintiff to

4

proceed to judgment by default as to Golden Key.  It is well-settled in the Third Circuit that corporations cannot represent themselves pro se.  See Simbraw v. United States, 367 F.2d 373, 374 (3d Cir. 1996).

Following this Court's Order of October 20, 2011 relieving Mr. Castronovo as defense counsel for Golden Key, Khong, and Doan, the Court afforded Golden Key nearly 30 days to retain new counsel.  The October 20th Order explained that a corporate entity cannot represent itself under applicable law, and directed Golden Key to retain counsel by November 14, 2011.  Additionally, the October 20th Order warned Golden Key that, if counsel failed to enter an appearance on its behalf by November 14, 2011, this Court would ask the District Court to strike its Answer and enter default against it.

Despite this Court's October 20th Order, to date, no one has appeared or contacted the Court on behalf of corporate defendant Golden Key.  Therefore, I recommend that the District Court strike the Answer of corporate defendant Golden Key (Docket Entry No. 4), enter default judgment against it, and allow plaintiff to proceed to judgment by default as to defendant Golden Key.

**B.    *Imposition of Sanctions Against Individual Defendants Khong and Doan***

The failure of individual defendants Khong and Doan to comply with the Orders of this Court requires the Court to determine the appropriate sanctions to impose.  In Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Third Circuit Court of Appeals set forth six factors which must be considered in determining whether to dismiss a plaintiff's action. Poulis, 747 F.2d at 868.  The Poulis factors are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders

5

and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Id. at 868.  The Court is required to balance each factor in its analysis.  Id.

1.    The Extent of Khong's and Doan's Personal Responsibility

Following this Court's October 20, 2011 Order relieving Mr. Castronovo as counsel for all defendants, the Court afforded Khong and Doan nearly 30 days to retain new counsel or appear before the Court on a pro se basis.  Instead, Khong and Doan chose not to appear before the Court on November 15, 2011 or December 15, 2011 as directed.  This Court finds that Khong and Doan are personally responsible for their failure to comply with the Orders of this Court. Their failures to appear and defend against this action demonstrates a willful decision to disregard the orders of the Court.  Despite the Court's warnings that continued failure to comply would result in sanctions, Khong and Doan ignored the Court's Orders of October 20, 2011 and November 16, 2011.

Khong and Doan are not exempt from responsibility for failure to abide by Court orders simply because they are treated as pro se litigants.  "[A]ll litigants, including pro ses, have an obligation to comply with Court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." Burns v. Glick, 158 F.R.D. 354, 356 (E.D. Pa. 1994).  Khong and Doan continuously failed to comply with court ordered appearances for conferences.  Indeed, the Court received executed receipt cards confirming that Khong and Doan had notice of both the November 15, 2011 conference and the December 15, 2011 Order to Show Cause hearing.

Khong and Doan made purposeful decisions to refuse to appear for court ordered conferences.  Accordingly, this factor favors striking the individual defendants' Answer with affirmative defenses, entering default judgment against them, and allowing plaintiff to proceed to judgment by default as to Khong and Doan.

2.    Prejudice to Plaintiff

Based on Khong's and Doan's decisions to disregard court orders, plaintiff is incapable of prosecuting its claims against them.  Despite multiple Orders from this Court, Khong and Doan have not attended in person conferences or otherwise defended against this case.  Additionally, Khong and Doan failed to confer with plaintiff regarding the Joint Discovery Plan, to serve any Rule 26 disclosures and interrogatories, or to respond to plaintiff's interrogatories, let alone by the court imposed deadlines.  The inaction by Khong and Doan have prejudiced plaintiff in its ability to proceed with discovery.  Indeed, based on defendants' inaction, it is impossible for plaintiff to understand their defenses and adequately respond to same.

The Third Circuit addressed Poulis' "prejudicial harm" standard in Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  There, plaintiff failed to provide defendant with specific information and documentation concerning the damages calculation in a timely fashion. The court explained that "while prejudice for the purpose of Poulis analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial."  Id.  Prejudice also includes "the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party." Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994) (citations

7

omitted).

Here, the prejudice is palpable.  Plaintiff is unable to ascertain the defenses of Khong and Doan in this suit or prosecute its claims against them.  The decision not to appear at court ordered conferences, comply with discovery deadlines or otherwise defend against plaintiff's claims weighs in favor of striking the individual defendants' Answer, entering default against them, and allowing plaintiff to proceed to judgment by default as to Khong and Doan.

3.    <u>History of Dilatoriness</u>

Again, Khong and Doan have made no attempt to explain their failure to defend against this action, appear for court appearances, or comply with discovery obligations, since their attorney withdrew from the case.  As set forth above, this Court made several efforts to permit Khong and Doan to defend against this suit by allowing time to secure new counsel after Mr. Castronovo withdrew from the case, and issuing an Order to Show Cause wherein Khong and Doan were directed to appear to explain their absence at the November 15, 2011 conference.

Poulis makes clear that "[t]ime limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation.  If compliance is not feasible, a timely request for an extension should be made to the court.  A history...of ignoring these time limits is intolerable."  747 F.2d at 868.  Khong and Doan have failed to either retain counsel or appear pro se at court hearings on November 15, 2011 (resulting in an Order To Show Cause) and December 15, 2011.  Despite court orders and deadlines, discovery remains outstanding.  Therefore, this factor weighs in favor of striking the individual defendants' Answer, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Khong and Doan.

4.     Conduct by Khong and Doan Has Been Willful

Following their attorney's withdrawal from the case, at no time did Khong or Doan ever attempt to contact the Court or otherwise present a defense in this action.  As set forth above, Khong and Doan have failed to appear for in person conferences, comply with discovery obligations, or otherwise participate in their defense of this case.  Indeed, although Khong and Doan were aware of the Order to Show Cause hearing on December 15, 2011, they failed to appear.  Such conduct demonstrates willfulness.

Accordingly, the absence of a reasonable excuse suggests willful conduct or bad faith. See Ware, 322 F.3d at 224 (finding willfulness and bad faith where "[n]o excuse has been proffered for the excessive procrastination of Plaintiff's counsel").  This factor warrants striking the individual defendants' Answer, ordering that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Khong and Doan.

5.     Effectiveness of Alternative Sanctions

As the record reflects, this Court has provided Khong and Doan several opportunities to appear at court ordered conferences and defend against this suit.  The record is also replete with the failures of Khong and Doan to do so.  To continue to allow Khong and Doan further opportunities to appear at court conferences and present a defense to plaintiff's claims would make this case impossible for the Court to move forward and for plaintiff to prosecute its claims. Defendants' refusal to follow Court Orders has been evidenced since their attorney's withdrawal from the case.

The Court has the power to strike a pleading and/or render a judgment by default as a sanction against a party who fails to obey an order regarding discovery.  See Fed.R.Civ.P.

9

37(b)(2).  Khong and Doan have made it clear that they will not defend against plaintiff's claims. Despite court orders, the non-compliance has continued.  The case cannot move forward. Plaintiff is prejudiced. The only appropriate sanction here is to strike the individual defendants' Answer, order that default be entered against them, and allow plaintiff to proceed to judgment by default as to Khong and Doan.

      6.    <u>Meritoriousness of the Defense</u>

This Court has reviewed defendants' Answer to the Complaint.  However, given the bare-boned nature of the pleading, the Court cannot adequately evaluate the merits, if any, of their defense.  Accordingly, as it is not necessary for the Court to reach this factor to recommend striking their Answer, order that default be entered against them, and allowing plaintiff to proceed to judgment by default as to Khong and Doan, this Court declines to consider this factor in weighing the recommended sanctions.

<strong><u>CONCLUSION</u></strong>

This Court's recommendation of striking the Answer of defendants Golden Key, Andrew Khong and Thanh Doan, ordering that default be entered against them, and allowing plaintiff to proceed to default judgment as to these defendants, is not made lightly.  However, this Court is convinced that it is left with no alternative.  This Court offered defendants multiple opportunities to appear at court ordered conferences, comply with their discovery obligations, and present a defense, but to no avail.  This Court also repeatedly warned them that continuation of this conduct would result in sanctions.  Furthermore, with regard to corporate defendant Golden Key, corporations cannot represent themselves <u>pro</u> <u>se</u> under settled Third Circuit law.  <u>See</u> <u>Simbraw v.</u> <u>United States</u>, 367 F.2d 373, 374 (3d Cir. 1996).  Under the circumstances, no less onerous

sanction would be appropriate.

For the reasons set forth above, I recommend that the District Court strike the Answer of pro se defendants Andrew Khong and Thanh Doan, and corporate defendant Golden Key (Dkt. No. 4), order that default be entered against them, and that plaintiff be allowed to proceed to judgment by default as to pro se defendants Andrew Khong and Thanh Doan, and corporate defendant Golden Key.  The parties have fourteen (14) days from receipt hereof to file and serve objections.

Respectfully submitted,

s/Madeline Cox Arleo
MADELINE COX ARLEO
United States Magistrate Judge

Dated: January 25, 2012

cc:     Hon. Susan D. Wigenton, U.S.D.J.
        Clerk of the Court
        All Parties
        File

11